## ALLISON *v.* SMITH & *a.*

In assumpsit upon a promissory note, the defendant may prove that certain articles were delivered in payment of the note, although they have been specified in a set-off against the plaintiff's claim.

Where the defendant proves by his books that certain articles were sold to the plaintiff, he may show that the articles were sold in payment of a note, as the books are not conclusive evidence that the articles were not thus sold.

ASSUMPSIT on a promissory note. The action was committed to an auditor, who reported the following statement of the accounts between the parties.

The plaintiff brings his suit on a note signed by Smith & Tenney, dated June 17, 1846, for the sum of $25, payable, to Robert Hardy, or order, on demand, and interest, and indorsed by said Hardy.

The plaintiff purchased the note of Hardy, on the 6th day of December, 1847, and paid the full amount of the note, by passing the same to his credit, on an account which he held against him.

The defendants contended that the note was dishonored at the time of the purchase by the plaintiff, and proposed to prove that the articles enumerated in their set-off were received by Hardy, in payment of the note, before the sale of the note to the plaintiff; to which the plaintiff objected, on the ground that the records of the court showed that they were offered in set-off, which objection the auditor overruled, and permitted the defendants to go into evidence of payment, as proposed.

The defendants proved the account by their books, and introduced evidence to show that the items enumerated in the account were delivered to Hardy, in payment of the note; to which the plaintiff objected, on the ground that the books, the account being kept in the usual way of book accounts, were conclusive evidence that the articles were not sold in payment of the note, which objection the auditor also overruled.

The auditor, therefore, finds that the amount of the note, on the sixth day of December, 1847, was $27,70.

He also finds that the articles mentioned in the set-off, except the last charge of $1,25, amounting to the sum of $25,04, had been paid on the note before that time, subject, however, to the opinion of the court on the legal exceptions above taken by the plaintiff.

*Cross* and *Pierce*, for the plaintiff.

*Morrison*, for the defendants.

GILCHRIST, C. J.    In this case, the defendant alleges that he has delivered certain articles to Hardy, in payment of the note.    It appears that the same articles are specified in the set-off against the plaintiff's claim.    The plaintiff contends that the articles, having been thus specified, the defendants are not at liberty to prove that they were delivered in payment of the note.

The plaintiff's position could be maintained only on the ground that the specification of the articles is an estoppel *in pais* upon the defendant, but none of the requisites of such an estoppel exist.    The specification is not an admission that the articles were not delivered in payment, nor has the plaintiff been induced to alter his position by it.    The defendants' course amounts to nothing more than this.    They file the articles in set-off.    They may, then, show that they were delivered in payment of the note.    If they fail to prove this, they may rely upon the articles as furnishing evidence of a counter claim against the plaintiff.    Their object will be attained, if they succeed in maintaining either of these positions.    If they prove one state of facts, it will be unnecessary for them to rely upon the other.    If the positions are so inconsistent with each other that the defendants cannot, in either way, prove that they are entitled to have the value of the articles allowed to them, then the whole

Allison *v.* Smith.

course of our practice is wrong, for hardly a day passes without instances of evidence offered and received upon a similar principle.

The other position taken by the plaintiff is equally untenable. The articles appear to have been charged upon the books of the defendants in the usual form. The plaintiff contends that the books furnish conclusive evidence that the articles were not sold in payment of the note. Now the books furnish evidence of the sale and delivery of the articles to the plaintiff, when fortified by the supplementary oaths of the defendants. The evidence derived from the books is not contradicted by proof that the articles were sold and delivered in payment of a particular debt. This last circumstance is distinct from and independent of the books. It would be a singular state of the law in which the defendants, after having proved the sale, were estopped from proving the purpose for which the sale was made, and upon what ground the books are conclusive evidence that the articles were not sold in payment of the note it is difficult to perceive.

From the amount due on the note, there should be deducted the payments made upon it, amounting to the sum of $25,04, and for the balance there should be

*Judgment on the report.*